UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In re:<br><br>AHI ESTATE, LLC<br>f/k/a Auxilius Heavy Industries, LLC,<br><br>        Debtor. | Chapter 11<br><br>Case No. 20-01963-JMC-11 |
| AHI ESTATE, LLC<br>f/k/a Auxilius Heavy Industries, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS COMPANY,<br><br>        Defendant. | Adv. Proc. No. |

## **COMPLAINT**

Plaintiff, AHI Estate, LLC f/k/a Auxilius Heavy Industries, LLC ("**Debtor**"), by counsel, for its *Complaint* against defendant, American Express Company ("**Defendant**"), states as follows:

### **Parties, Jurisdiction, and Venue**

1. This Court has subject matter jurisdiction over this adversary proceeding (the "**Adversary Proceeding**") pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157.

2. The Adversary Proceeding is a "core proceeding" as that term is defined in 28 U.S.C. § 157(b).

3. Venue is proper pursuant to 28 U.S.C. § 1409 as the claims asserted in the Adversary Proceeding arise under the Bankruptcy Code (as defined herein).

4. The Debtor consents to the entry of final orders or judgment by the Bankruptcy Court under S.D. Ind. B-7008-1.

5. Upon information and belief, the Defendant is a New York corporation, with a principal place of business located at 200 Vesey St., New York, NY 10285.

## Count I – Avoidance of Fraudulent Transfers
## Pursuant to 11 U.S.C. § 544(b) and Ind. Code § 32-18-2 *et seq.*

6. On March 26, 2020 (the "**Petition Date**"), Debtor filed its voluntary petition under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

7. Within four (4) years of the Petition Date, the Defendant received certain payments from Debtor (the "**Transfers**"), the precise amount of which cannot be confirmed at this time, but is believed to be at least $150,000.00 and was applied to account numbers xxxxx23006, xxxxx71001, and xxxxx11006 held with the Defendant.

8. The Transfers were made to or for the benefit of the Defendant.

9. The Transfers were made with actual Intent to hinder, delay, or defraud any entity to which Debtor was or became indebted on or after the date the Transfers were made.

10. The Transfers were not in exchange for reasonably equivalent value.

11. The Transfers were made when Debtor (1) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or (2) intended to incur, or believed or reasonably should have believed that Debtor would incur debts that would be beyond Debtor's ability to pay as such debts became due.

WHEREFORE, the Debtor requests judgment in its favor and against the Defendant (i) declaring that the Transfers are avoidable pursuant to sections 544(b) of

the Bankruptcy Code; (ii) avoiding the Transfers and any other avoidable transfers under the Bankruptcy Code; and (iii) granting the Debtor all other just and proper relief.

### Count II – Avoidance of Fraudulent Transfers Pursuant to 11 U.S.C. § 548(a)

12. Within two (2) years of the Petition Date, the Defendant received the Transfers.

13. The Transfers were made to or for the benefit of the Defendant.

14. The Transfers were made with actual Intent to hinder, delay, or defraud any entity to which Debtor was or became indebted on or after the date the Transfers were made.

15. The Transfers were not in exchange for reasonably equivalent value.

16. The Transfers were made when Debtor (1) was insolvent or became insolvent as a result of such transfer; (2) was engaged in business or a transaction or what about to engage in business or a transaction, for which any property remaining with the Debtor was unreasonably small capital; or (3) intended to incur, or believed that Debtor would incur debts that would be beyond Debtor's ability to pay as such debts matured.

WHEREFORE, the Debtor requests judgment in its favor and against the Defendant (i) declaring that the Transfers are avoidable pursuant to sections 548(a) of the Bankruptcy Code; (ii) avoiding the Transfers and any other avoidable transfers under the Bankruptcy Code; and (iii) granting the Debtor all other just and proper relief.

### Count III – Recovery of Avoided Transfers Pursuant to 11 U.S.C. § 550

17. The Debtor restates and realleges the allegations in the foregoing paragraphs as if fully set forth herein.

18. The Debtor is entitled to avoid the Transfers pursuant to section 544(b) and/or 548(a) of the Bankruptcy Code.

19. Pursuant to section 550(a) of the Bankruptcy Code, the Debtor is entitled to recover the Transfers from the Defendant, plus interest thereon to the date of payment.

WHEREFORE, the Debtor requests judgment in its favor and against the Defendant (i) declaring that the Transfers may recover the Transfers from the Defendant for the benefit of the Debtor's bankruptcy estate pursuant to section 550(a) of the Bankruptcy Code; (ii) ordering the Defendant to pay the Debtor the aggregate amount of the Transfers, plus all interest thereon to the date of payment; and (iii) granting the Debtor all other just and proper relief.

**Count IV – Disallowance of Claims Under 11 U.S.C. §§ 502(d) and 550**

20. The Debtor restates and realleges the allegations in the foregoing paragraphs as if fully set forth herein.

21. As of the date of this Complaint, the Defendant has not paid or surrendered the Transfers to the Debtor.

22. Therefore, any claim that the Defendant has filed in this case or otherwise asserts against Debtor's estate must be disallowed.

WHEREFORE, the Debtor requests judgment in his favor and against the Defendant (i) disallowing any and all claims of the Defendant against Debtor's bankruptcy estate pursuant to section 502(d) and 550 of the Bankruptcy Code; (ii)

reconsidering and disallowing any previously allowed claims of Defendant against the Debtor's bankruptcy estate pursuant to sections 502(j) and 550 of the Bankruptcy Code; and (iii) granting the Debtor all other just and proper relief.

### Count V – Unjust Enrichment

23. The Debtor restates and realleges the allegations in the foregoing paragraphs as if fully set forth herein.

24. To the extent one or more for the Transfers are not avoidable under section 544(b) or 548(a) of the Bankruptcy Code, the Debtor alternatively alleges that the Defendant has been unjustly enriched by retaining such Transfers.

25. The Transfers were made at the direct or indirect request of the Defendant.

26. The Defendant received a benefit as a result of the Transfers.

27. The Defendant has unjustly retained the Transfers at the expense and to the detriment of the Debtor's bankruptcy estate.

28. The Transfers were made (1) without consideration; or (2) the consideration for the Transfers has failed.

29. In equity and good conscience, the Transfers should be returned to the Debtor's bankruptcy estate.

WHEREFORE, the Debtor requests judgment in its favor and against the Defendant (i) for return of the Transfers the Defendant has unjustly retained at the expense and to the detriment of Debtor's bankruptcy estate; and (ii) granting the Debtor all other just and proper relief.

**Reservation of Rights**

30. The Debtor continues to perform an investigation into matters related to the Bankruptcy Case. To the extent that such investigation results in the finding of other causes of action against the Defendant, the Debtor reserves its right to bring other causes of action.

Respectfully submitted,

/s/ Christopher J. McElwee
Christopher J. McElwee, Atty #26481-49
MONDAY MCELWE ALBRIGHT
1915 BROAD RIPPLE AVE.
INDIANAPOLIS, IN 46220
Tel: (317) 251-1929
cmcelwee@mrjalaw.com

*Attorneys for the Debtor*